Council, could you approach the podium and identify yourselves, please? Good morning, Your Honors. Andrew Mazzucca, Mark Elkarno, and Associates for the Plaintiff, Joe Silverberg. I'm Al Wiederer, and I represent the defendant, Apolli Mohamed Haji. All right. We'll start out with 15 minutes aside, and the appellant certainly can reserve some time for rebuttal if they'd like. Are you ready to proceed? I am. Okay. I would like to reserve 5 minutes for rebuttal. Very well. May it please the Court, Counsel, in this appeal, plaintiff seeks to reverse the trial court's dismissal of defendant Mohamed Haji pursuant to Supreme Court Rule 103B, following a 41-month pursuit of the defendant. That pursuit was marked by unsuccessful attempts to serve the defendant at all known addresses. A grant of authority to serve the defendant by special order of court. A sua sponte reconsideration of that authority by the court 20 months after its initial grant. Four motions to quash the service, and an earlier dismissal vacated upon further reconsideration. The pendency of this case is devoid of any evidence or suggestion of the defendant's actual location at any time from the filing of the suit until the case's 40th month, November of 2013, when defendant Haji first identified through counsel an address in which he could be served, and an address in which plaintiff's service attempts were accepted as valid by defendant's counsel, despite the residents present at that address denying that he lived there. The error in the trial court is three-fold. Errors of law, errors in the application of law were committed by the trial court in limiting the scope of its review of the plaintiff's activities to those events only after April 3rd of 2013, and in so doing, failing to consider the totality of the circumstances. Additionally, the court considered inappropriate factors for determining the plaintiff's reasonable diligence. Both of these errors are to be reviewed by this court on a de novo basis. Didn't you learn almost immediately, though, that that address wasn't really very precise? The sheriff's service at the address was returned with an indication that the floor number was needed. The address contained, the address which was received in the police report contained only a letter, H. Right, so didn't you learn early on that that wasn't actually an address or an apartment number? The plaintiff did, and sent a process server out there, a special process server, who consulted with the building management and who, the affidavits, they checked their files and indicated that no dependent Haji lived at that address. What date was that? Was that the second summons? That was the first alias summons. The first alias summons. Correct. That was after the initial summons. After the initial summons. So actually on this next occasion when an attempt of service was made. Exactly. And so at that point, there was an indication that he didn't even live there. Correct. And that was in 2010? That was in 2010. What if you had retrieved his driver's license? Didn't that indicate an apartment of 4H? The driver's license was eventually received. It did indicate 4H. However, when the address was learned to be incomplete, would be the first opportunity the plaintiff would have had to acquire the driver's license, which would be one method of determining the rest of the apartment address. But sending a process server, consulting with the management of the building, is as expedient, if not more expedient, because we did not have to wait for a return of a subpoena due to Tecum to then send a process server out to that address only to learn that he did not reside at that address. So you would have had to subpoena the Secretary of State's office in order to get that actual physical information regarding the apartment, 4H or whatever it was. Is that what you're saying? That is my understanding. The court, it's also alleged that to the extent that it can be said that the court considered appropriate factors of diligence, the trial court abused its discretion in dismissing Defendant Hodgey based upon the record. Did the court actually use the factors? There's no, in announcing its ruling, the court touches on none of the factors enumerated in Sacco or any of the other 103B case law. Instead, it focuses on certain errors and mistakes and notes the absence of any evidence that the defendant was hiding. And those errors and mistakes were not on the lawyer. They were on the process company? Apparently. The court was not clear as to which errors and mistakes it was focusing on. But based on its statement that it was not going to be considering the events prior to April 3rd of 2013, it first off eliminated 33 months of activity of the case, focusing only on eight. What errors and mistakes the court seized upon then in its limited focus is uncertain. Can we assume that she was reviewing what the previous judge had looked at? The previous judge actually looked at some of the factors, didn't she? I think it's safe to assume that the court was aware of the court's prior analysis and based on the report of the proceedings, took great lengths to avoid having to address the previous judge's prior analysis. Are errors of the process server something that the lawyers can rely upon? Yes. The court has held that it is reasonable for a plaintiff to rely upon the return of a process server or a sheriff, even if those returns contain erroneous information. And really, is there any erroneous information that the process servers presented or not? Is the court's conclusion that there were all these errors and omissions, is that actually supported by anything in the record? Nothing from the process servers other than perhaps an inability to locate an address given that no address that was turning up appeared to be valid. I don't believe that any actual errors by the process server were contained in the record or relied upon by the plaintiff. Is there any information in the record specifically at some point the process server or a special process server, actually maybe it was a skip trace, someone indicated that the address that they retrieved was the same address that the plaintiff already had, that being the address on Winthrop with an apartment H and no other information? Correct. All of the process, I'm sorry, all of the skip tracing that was done prior to the plaintiff's request for leave to serve by special order of court indicated no address other than that which was known, the address on Winthrop. 41 months is kind of a long period of time, isn't it, in terms of other cases and looking at that length of time for purposes of deciding whether the efforts were objectively reasonable? 41 months is certainly a long total period of time. But the total period of time is made up of discrete increments. And in looking at the actual increments rather than how much those increments add up to shows that the plaintiff was diligent. It's just that there was a lot of... Downtime, shall we say? I don't even believe that there was that much downtime, Your Honor. If you look at the total of 41 months, approximately 20 of those months, actually 25 and a half of those months were during times when there was apparent service of process and no objective need to obtain service. Haji was dismissed for a further six and a half months, leaving only nine and a half months of those 41 months when there was an objective need to serve Defendant Haji, meaning that there was no apparent service. I have a question about the first time that the plaintiff requested to serve through the Secretary of State. The trial judge suggested that the only way that that could have been permissible was if the defendant was residing out of state. Now, we're looking at the second judge's finding on review here, but didn't the first judge in one of her rulings indicate that that was improper because it was never specifically alleged or shown that Mr. Haji was an out-of-state resident? That's correct. Judge Savage granted leave to serve Defendant Haji pursuant to 2-203.1 by serving upon the Secretary of State based upon the plaintiff's affidavits and statements of the impracticality of service by regular means. There was no assertion that Defendant resided out of state and no need to assert that he resided out of state. Otherwise, there would be no need to request leave to do that. 10-301, the Nonmotorist Residence Statute, doesn't require leave of court. It requires that it be otherwise impractical? 203.1 requires that it be otherwise impractical. So the court was incorrect when she later said that this service was bad for lack of another word because you didn't establish that he was a non-resident. Correct. Did he have to be a non-resident at the time of the... There's an argument or some argument or claim made in one of the motions to quash that because he wasn't a non-resident at the time of the accident that he could never be served through the Secretary of State. Was that an argument that was made? I don't believe so and I don't believe that that would be an accurate statement. I thought that was an argument that was made by the Defendant that you could never establish that he was an out-of-state resident at the time of the accident. Therefore, there wouldn't be this ability to serve on the Secretary of State. I don't recall that argument being made, but if the Defendant subsequently leaves the State, the Secretary of State's service has been available, which is when the record, when Plaintiff did have an indication that the Defendant moved from Illinois and was residing in Minnesota, 10-301 was invoked and service was attempted through that means. And there was evidence on the record that at some point during these proceedings, the Defendant was living out-of-state? What there was, Your Honor, was a skip trace conducted in 2013 that revealed an active Minnesota address. Defendant Haji has never spoken or offered any evidence regarding where he actually was residing at any point during the first 40 months of the case. In none of his motions to quash, did he offer an address at which he could be located? In none of his motions to dismiss pursuant to 103B, did he suggest where he was during the pendency of this? Did he offer any evidence of a resource that Plaintiff did not utilize that would have shown the ease with which he could have been located? Was there any evidence ever presented that suggested an accurate address maintained with the Secretary of State, which I believe a commercial cab driver is required to do? That evidence was never submitted to the court. The closest we got was in the subpoenaed records from the taxi driver, I'm sorry, from the taxi company, showing what the Secretary of State's registration was as of 2008. But the defendant's maintenance of a current address was not known prior to the trial court's ruling, only discovered afterwards. And that's not contained in the record. So of the total 41 months, which is a lengthy time, only nine and a half months add up in total, where apparent service was lacking. And during these nine and a half months, Plaintiff issued nine summonses or alias summonses, which would average out to approximately one per month when there was an unserved defendant. However, the court has previously said in other cases that besides just the overall time when defendant was unserved, what's of particular note is the periods of inactivity, as stated in DuPont and LICA, when there was not service that was out for service that had been placed with the process server for service. And if you look at the periods of inactivity, which are itemized in Plaintiff's briefs, you'll see that of those nine and a half months, there were only 193 days, six and a half months, where there was not a summons out for service. And the average time between issuances of summons was approximately 20 days, but in most cases often much less than that. The lengthiest time between the return of a failed summons and the issuance of a subsequent summons was during a period of 103 days when Plaintiff was attempting to obtain the leave of court to serve pursuant to 203.1, and that motion had to be spindled three times before the order was entered. None of the prior instances of motion before the entry of the order were stricken or withdrawn. The record is silent as to what transpired on those days. There's no, so aside from the error in limiting her focus from the totality of the circumstances, the court also considered incorrect factors, highlighting the lack of evidence of the evasion of service as weight against Plaintiff. However, no case has held that delay be attributable to evasion of service, and the absence of evasion of service does not equal amenability to service. There's been no showing of amenability to service at any point in this case. And at best, the absence of evasion of service is a neutral factor, that the court focused on this, highlighted this in her brief ruling. Evidence is that this was given far more weight, far more consideration than was appropriate. As to the traditional factors, which are mechanically gone through in our brief, we'll note that aside from the absence in the record of any suggestion or offer by the court, the court did not act by defense of a suggestion of where he could have been located, where he actually was during any of this time. The special circumstances in this case cannot be ignored. The record reflects that after the entry of the first, I'm sorry, after the obtaining of the first Secretary of State's service, Plaintiff substituted counsels and was then engaged in briefing schedules on motions to dismiss and responding to written discovery. Elsewhere in the pendency of this case, while Plaintiff was diligently pursuing Defendant Hodgey, it was also pursuing service on two other defendants and conducting the necessary discovery. The special circumstances that result from the rulings of Judge Savage also cannot be ignored. The trial court in the instance that issued the dismissal that's the subject of this appeal went to great lengths, convoluted itself, to avoid having to address the analysis and misanalysis of Judge Savage, which resulted in the lion's share of any delay that can be argued in this case. It is reasonable for a plaintiff to rely upon an explicit grant of authority by the trial court to serve in a particular way, and to proceed upon that only to... How many of the months would you say, of the 41, was there this reliance on service? Of the total 41 months, 25.5 months are periods of time when there was apparent service before it was quashed, in aggregate, 20.5 months. Defendant Hodgey was dismissed for a period of 6.5 months. In addition to that, that dismissal was subsequently vacated. Because of the ramifications of Judge Savage's rulings, defendant Hodgey himself acknowledged that his arguments were focused on the first 12 months of plaintiff's activity, not the time subsequent to Judge Savage's reconsiderations and dismissals and further reconsiderations and then activity after that. They say that virtually all of the alleged failure of diligence occurred within those first 12 months. And of those first 12 months, you know, more than... More than, or approximately half of them, were during a period of time when there was apparent service process and no objective need to serve the defendant. In the balance, the plaintiff was seeking service on the defendant, both through the sheriff, special process service, and the jury. And then, the plaintiff was acquitted for skip tracing and then 203.1 leave. All right, counsel, why don't you go ahead and wrap up. Thank you. To conclude, plaintiff finds that... Plaintiff argues that the trial court's erroneous application of the law, improper limitation of the scope, and consideration of improper factors, aside from her abuse of discretion, demand reversal of the dismissal order and reinstatement of the case. Remand for trial on the merits. Thank you. I think the most important factor here is that when the first summons was returned, the sheriff said, you say apartment H, it's an eight-floor building, there's an apartment H on every floor. At that point in time, the plaintiff and his attorneys should have attempted somehow to find out which floor it was on. And they did. They did not discover that information until 2013. Is there anything in the record at all, anything, that would suggest that he was actually still living at the building? Yes. In September 2010, when the first alias summons was issued? Yes. What? They had a special process server go out in April of 2013, and interestingly, they had a special process server. Interestingly, they had floors 4H to N, the apartment 4H to N. So somehow, before they received the information from the medallion owner and the taxi affiliation services, they had, at that point in time, in April of 2013, on that alias summons, somehow they obtained the information that it was on floor 4. But he wasn't living there then, was he? He was living. Well, at that point in time, he was not living there, and the process server talked with a fellow named... And the person said he hadn't been living there for a year or so, right? That's what the man from the building said. Is that what you're relying on, that one comment? On this whole record, that's what you're relying on? I'm relying on the fact that the Secretary of State, when he was issued his first alias summons, said that he was not living there. He issued his license in 2007, and when he went to work for this on-the-go cab company in 2008, all of those records indicate that he lived in apartment 4H. All right. How does that show that he lived there in 2010, when in fact, a process server, as early as September 2010, was told by a building manager, personnel, some kind of person, that there's no high-level process server. Two points. In my brief, I've cited the case that says once a residence is established, it's presumed to continue... Is that a voting case you cited? I don't remember whether it was a voting case, but I think the principle of law... It wasn't a service case at all? It definitely was not a service case. Is there one factor we're looking at, or do we look at seven different factors? Oh, no, you look at all of them, and they were all argued. All right. Well, let's talk about that. The judge who actually ruled on this motion never, ever considered any of the factors. Oh, I disagree. I don't think that's fair to the judge, simply because she didn't expressly say what she relied on. Did she say that she wasn't going to look at the whole 41 months because she didn't want to get involved in another judge's ruling? She said she didn't want to get involved in the other judge's analysis. She didn't say that she wasn't going to consider all those facts herself. Okay. Did she say that she wasn't going to consider what happened before she came on board? No. Didn't she say, I'm going to look at this from today forward, and she pointed to a date? No. And did she say there was no evidence that he was evading service? She did say that. Is that a factor we normally look at? I think that's a special circumstance that you can. Oh, it's a special circumstance. All right. What case says that? What case says that evasion of service is a special circumstance the court should look at? Just give me a case and I'll look at it. I don't have a case off the top of my head if you want me to try and research that particular thing. I understand generally. Does a special circumstance mean or can it mean efforts or other efforts that the plaintiff was involved in during periods of a lack of service? Say this again, I'm sorry. Does special circumstances, can it include other efforts that the plaintiff was engaging in? In trying to effectuate service? For example, trying to serve other defendants? No, I don't think so at all. Or involved in answering discovery? No. Okay. What do you think special circumstances are? Special circumstances are if a defendant is attempting to evade service, and there may be evidence of that. If he's, if, and there was a case, it may have been cited by the plaintiff, where they went out to the, and the fellow said they rang up, it was a secured building, and he wouldn't come down to accept it. That's a special circumstance that can be considered. Things like that, I believe, are the special circumstances that the court is talking about. And, of course, the Supreme Court said that that list of things that we traditionally consider is not exclusive. There's other things that might be considered as well. Yes. Now, would you say that the 41 months is actually 41 months? No. As a matter of fact, I think in my brief, I calculated it. I don't think that it's fair to the plaintiff to consider the period of time that this stuff was under consideration or reconsideration by Judge Savage. But I don't agree with him that the period he claims from January to July of 2011, they had an order authorizing special service. Didn't comply with that order. My motion to Quash was based on the fact that he didn't comply with the order, didn't send a letter to the defendant, didn't notify his insurance company. Is that what her ruling was based on, though? Didn't she turn around and say, well, you didn't establish that he was a non-resident, therefore, I should have never allowed that special service? No. That ruling on the motion to Quash, that first motion to Quash, there's no issue as to that at all. You're talking about a second motion to Quash. There's been a number of motions to Quash. Yes. Yes, there have been. Let me ask you this about the... Is there any evidence where this motion to Quash was based on the fact that he didn't comply with the order? Has this particular defendant ever provided an affidavit saying that I live at this address on Winthrop, Apartment 4H, I've always lived there, I could have been served there? No. And did he ever provide any information, actually, to where he was living during the several years it took to serve him? The only time that information as far as his actual residence was provided was I provided it when he was back in his homeland. And that's when you provided it? There was discovery, and I told the court that he was going to be gone for a few months, and I couldn't comply with the discovery while he was gone, and at that point in time, she says, well, give me his current residence address. I gave it to him the next day, and that's where service was accomplished. When was that? That was in 2013. Well, isn't one of the factors that the court's supposed to consider is whether plaintiff had knowledge of the defendant's location? Yes, and I think... The sheriff said there's eight floors, I need to know which floor. If they would have contacted the Secretary of State at that point in time, it would have shown right there on this driver's license. Well, but is there any evidence in the record that he was there at that time? Yes. I mean, did you ever file an affidavit saying that in 2010 and 2011, I was on Floor 3 or 4-2? Well, what about the fellow that said in September of 2010, within two months of this accident, Haji... Muhammad Haji does not reside in this building. So what is that information? What does that suggest? It's my view, and it's been argued in my briefs, and I've had this position all along. He has to come in with competent evidence showing his diligence. That was not competent evidence. That's not what happened. But you want to use the other evidence from April of 2013 or whatever it was where you say that that person said he moved out about a year ago. So you want to use that, but you can't use the other. How can you say that? I'll tell you how I can say that. Because I've objected to the evidence that he's offered. There's been no objection to the other hearsay evidence. Hearsay that's not objected to is given its natural and probative value. Oh, all right. So since you're objecting to the one, that's not acceptable. But since he's not objecting to the other, we can consider that. Absolutely. All right. Now let me ask you this. As far as the actual knowledge on the part of the defendant of dependency of the action, do you agree that if the attorney is aware of the action, that we can attribute that to the defendant in one of the factors? I think so, yeah. And the first time that that would be is when I filed an appearance in July of 2011. All right. And is there sufficient evidence, would you say, on the record that the plaintiff was at least attempting to serve with summons and alias summons and skip traces and service on the Secretary of State? Would you agree that that shows activity on the part of the plaintiff or not? It shows some activity, but it's not... Not successful. It's not diligence to serve the Secretary of State based upon the automobile that the defendant was driving, being owned by a nonresident, when there's absolutely no basis for that type of service. Is there any evidence in the record that the Secretary of State's office was kept up to date as far as Mr. Khaji's current residence, which he's required apparently to do as the commercial driver? There is... There's no evidence, when Judge Johnson asked about it in 2013, there's no evidence as to what the Secretary of State, what information the Secretary of State had at that point in time. But there is evidence that the Secretary of State issued a license in 2007, and Khaji lived at that address until 2012, and the license was good for five years. So apparently it was... It doesn't matter how long the license is good for. The requirement is keeping an address up to date. Now we know that he didn't keep his address up to date because you vindicated... I disagree with you. You gave the information of where he was living in 2012. Wasn't that when you... That was a new driver's license at that point. His license expired in 2012. He would have had a new driver's license. And I... And you're saying... Judge Johnson, and I'm telling you, I don't know what address was on his new driver's license. Are you saying, though, that under the statutes, that if a driver... Let's say they get their driver's license issued January 1st, 2010, and then they move February 1st, 2010. Are you saying that drivers, even non-commercial drivers, don't have to have an accurate address on their license? I'm not saying that at all. In fact, I think the law says that they have to notify the Secretary of State within 10 days. I'm not sure I understand your hearsay argument. Isn't everything that an investigator comes across during the investigation going to be hearsay? And they go... You would say, why didn't you go to the management company in the building, if they didn't go to the management company in the building? But they did go to the management company in the building. The management company in the building said he doesn't live here. So why isn't that diligence? When you look at that first special process server's affidavit, he's talking to some unknown person. There's no identification at all of who he supposedly talked to. And this is a fellow that goes out to the building with no floor number and goes out there six times. I mean, what is the point of that? Is that diligence, or is that just wasting your time? When you're going out to a building... How would you suggest, then, that he should have found out, since you weren't giving it up, how would you suggest that he find out where the guy is? Go to the Secretary of State. They would have gotten the apartment number immediately in 2010. Isn't there a duty when you're involved in an accident to provide the appropriate information to the police? He did. No, he didn't. He did. The police report's in the record. Don't you know what address he gave? Don't you know what the police report says? He gave the police officer his driver's license, which is attached to his name. No, that's not what the police reports reflect. The police report... It shows his address. The police officer made a clerical error. No, you're just adding that to the record now. There's no evidence that the police officer made a clerical error. Well, I think there is. I think it's a reasonable interest. Did Mr. Hodge ever provide an affidavit saying he gave the correct address to the police? No. The address in the police... His driver's license is in the brief. It's not in the police report. That was not in the record at the time. You're supplying something that wasn't in the record. Now, let me ask you this. I'm more of an assumption that it's not a police officer error. If you look at the record and you look at the police report and you see what information was provided regarding his address, the address he gave is the address that the process server attempted to serve at the building. So you're making the assumption that the address that's recorded in the police report is something that Hodge told the police server. No, I'm not. I'm just saying that's the address that's in there. Where do these things go is you hand your driver's license to the police officer and he records the information. I mean, it's one thing for you to be saying this, but that's actually not in the record. And we don't look at things that you say in oral argument. We have to go on the record. What is not in the record is competent evidence showing that they exercised reasonable diligence in attempting to find out what floor he lived on until 2013. That's the first time that they subpoenaed on the go cab company. They could have done that in 2010. They could have contacted the Department of Consumer Affairs. They could have contacted the Secretary of State. They could have done a lot of things to try and find out the critical thing, what floor. There's only one problem with what you're saying. That is that there's no information, no sworn testimony, no affidavit from Mr. Hodgey. That any of that information that you're throwing at us now would have actually revealed that he indeed lived there in 2010. Nothing. There's nothing in the record. The law is absolutely clear that it's the plaintiff's burden of proof. to show reasonable diligence from an objective standard. But you're shifting the burden to the defendant. You're saying you've got to come in with all this information to show that you were amenable to process. How do you distinguish the DuPont case and the Licka case? Where two different physicians, doctors, actually provided information. In Licka, the doctor had an office on Michigan Avenue. He actually provided an affidavit swearing that he had had his office on Michigan Avenue for 20 years. In that case, the court reversed the quashing of service. And in DuPont, same thing. In both of those cases, not only do we have a defendant swearing to information about where I could have been located, and the courts still held that it was an abuse of discretion to quash service process in those cases. Distinguish them. A defendant can provide an affidavit to do that, but I don't think he's under an obligation to do so. I agree with you. He's not under an obligation to do so. It may make it more persuasive for his motion to quash, but it's not his duty to do it. It's the plaintiff's burden of proof. Yes, I agree with you. Let me ask you this. Yes, sir. You used the word reasonable inference, so you agree that a court can make a reasonable inference based on evidence? Oh, absolutely. Okay. And you also used the word that Mr. Haji went back to his homeland. Okay. So I assume from that, you know, and from the record of this case, that this is a man who is not a citizen of the United States. There's no evidence in the record whether he is or isn't. Okay. But it's somebody who goes back and forth to his homeland, and then he comes here. Oh, no. I have a lot of clients that there's a lot of them. As you know, most of them are not American-born.  And many of them are citizens, and they still go back to their homelands. Okay. So there's nothing in the evidence to show whether he's a citizen or not a citizen. There is nothing in the record to show that. But there is something in the evidence that shows that one of the apartments that he supposedly was living at, there were five or six other gentlemen living there. No. Do you recall that? No. The address that we gave them on Hawaiiana that service was ultimately accomplished at, he lived with, it was either two or three other gentlemen. Okay. There were two or three people living there. Yes. Okay. And so he was sharing the apartment with others. Yes. And you agree that people in the building did not know who he was. I don't agree with that, no. You don't agree with that? No. Okay. Yeah, there was some evidence of that. One of the problems that they had when they issued the summons, his name is Haji, H-A-J-I. They issued the summons to Jaji, J-A-J-I. So when the special process server goes out there and they say, no, there's no Jaji that lives here, they may be absolutely correct. There was no Jaji that lived there. It was a Haji that lived there. Okay. You know, it would appear for me from the evidence, you know, this was an apartment where maybe he slept, but that's about all. Is that correct? There's nothing in the record to show. Let me just ask you one other thing. Are you aware, what is the purpose of 103B? To expedite the proceedings. I think the Supreme Court said that one of it is so that you don't circumvent the statute of limitations, which in this case they essentially did because they filed suit on the last day. The accident happened on July 6th of 2008. They filed the suit on July 6th of 2010, and they did not take out a summons. They didn't take out a summons. Is it three days later? Three days. I think that's evidence. Instead of issuing the summons the first day, they issued it the third day. Therefore, it was, you know. I think that's evidence. How can you actually fall back on three days versus one and say that, you know, this is critical? Because that's a circumvention of the statute of limitations. Well, is this really a circumvention of the statute of limitations, or is it a pattern of lawyers making sure they've got all their I's dotted and their T's crossed and filed a suit? I'm sorry. To say that they were circumventing the statute of limitations because they filed on the last day of the two years, you're saying that was a clear attempt to avoid the statute of limitations? I try to avoid adjectives like clear, but I'm saying that you can consider that as a circumvention of the statute of limitations. I mean, isn't it true that the plaintiff here did show and asserted special circumstances explaining their delay in the service? Didn't they do that? I don't think they had any competent evidence to do that. Mr. Mazuka. I mean, are you telling us that they just sat on their hands and they didn't do anything? I'm saying that essentially, as I argued to Judge Johnson, that first 12 months where the first lawyer that he really did, there was no competent evidence that he did anything that he should have done. Basically, he went out there to Apartment H, was told that he needs a floor number, and he sends a special process server out to Apartment H without providing him with a floor number. Well, he's doing something. There's no service. They were doing something. You know, it's always easy to be what we call a Monday quarterback, because we could tell everything that they did wrong on Sunday because it didn't work. But they were doing things. Weren't they doing things there? There's no competent evidence that he was. You know, when someone says, well, I hired a special process server and received this information, wouldn't the competent evidence be an affidavit of the special process server saying, all right, they asked me to locate this guy, I did this, this, this, and this, and it turned up this or it turned up that. That would be the proper thing, not a lawyer filing an affidavit saying I hired a special process server and I was told that they couldn't find any other information. And as a matter of fact, when you look at that. Aren't you aware, though, that the record actually has the return not found and the other information? You're not aware that these things are actually in the record apart from the affidavit? I don't know why you say that. I mean, I don't know that just like the police report, the police report has the specific address that they attempted to use. It's in the record. I'm just going by what's in the record. Perfect example, Judge. If I were to attempt to introduce the police report and evidence at trial, there would be an objection saying that's not competent evidence. It's the same thing with the police. But the address, first of all, at the time of the accident and when they filed suit, the only information they had was the address that was contained on the actual police report. Now, are you saying they're not? See, you're making that assumption. I don't know what information they had. I do know that they had the information that was contained on the police report. Well, within a year of the accident, you certainly were well aware of the suit, right? You were representing the other two defendants. You filed your first motion to quash a year after the first effort stood. I became involved in the suit. Well, there was a lawyer then who actually filed a motion to quash before you. Is that what you're saying? No, I'm not saying that at all. There was a motion to dismiss the other defendants based on the statute of limitations, which was granted. When was the first motion to quash service or the first motion to dismiss? This was in July of 2011. Did you file that motion? I did. All right. So you had knowledge of the suit. In July of 2011. But you had earlier knowledge of the suit because didn't you represent the two other defendants as well? The only defendants that I represented was the cab company. And didn't you represent Siddiqui? Yes. All right. And the cab company was dismissed on the statute of limitations since Siddiqui was ultimately dismissed by the plaintiff because there was no agency there. Were you in on the suit as early as July 2010? No. When did you file your appearance with the cab company and Siddiqui? I filed an additional appearance naming Haji as a client in July of 2011. What about the other ones? That was my question. When were you representing? When did you file your appearance for Siddiqui? I substituted in for other attorneys on the motion to dismiss based on the statute of limitations for Wally Cab Association. But as far as Siddiqui, the first time that I would have represented him I think was probably after July of 2011 on a motion to discharge. So is your answer then you didn't become involved in this case in any way, shape, or form before July 2011? That's not what I said. Could you just tell me when you first became involved in the case, It was Joe Silverberg versus Mohammad Haji and then Khalid Siddiqui and Checker Taxi and Timo Harris. When did you actually become involved in the case? I actually became involved in the case when they named Wally Cab Association and I substituted in for other attorneys. When was that? Could you just tell me when? It would have been in the early part of 2011. Oh, so January of 2011, right around there? I believe so. All right. So at least as far as Mr. Haji goes, we can at least say that he had actual notice. He was the attorney for the existence of the suit in July of 2011. Yes. And how much weight should we give that consideration in terms of it being a factor as to when he had actual notice? I should actually say how much weight should the trial court have given that? I don't think that it should be given very much weight at all, but I mean really what difference does it make? Well, it's one of the factors, isn't it, the actual notice of the existence of the suit? Really, what difference does it make as far as whether or not they exercised diligence in getting him served? Well, why do the cases consider it a factor but you don't? I don't know. Do we follow the cases or do we take it on faith from you? No, I mean that's a factor that you consider. There's precedent all over the place that makes this one of the factors, so I think we have to consider it. And actually it sounds now like in January of 2011, early 2011, you had knowledge of the suit because you were already representing one of the cab companies and Siddiqui, but the actual suit was entitled Joe Silverberg versus Mohammed Haji and other named defendants. You step in and represent Haji later, but you were actually aware of the suit in January in which Haji was named. But we can't say that Haji was there until July when I filed my appearance. That's when you can charge him with knowledge of the suit. But this is a matter, this ruling, you have to say that Judge Johnson abused her discretion. There's nothing to indicate that she did not consider every one of the factors that are specified in the suit. Well, did she mention any one of them in her oral ruling? She did not. Oh, okay. You've all been sitting up here a long time. You've probably seen these. When a motion judge enters an order, it's usually very brief. They don't go through an order like Judge Savage entered the first time. That was an unusual order, an eight-page order where she basically tried to draft it like an appellate court opinion. Most judges say, this matter coming on to be heard on a motion of so-and-so, and most of this is by granted. That's it. They don't set out all the factors. No, that's what's wrong with the decision, is that you're asking us to assume all these things. But the fact that she didn't set them all out doesn't mean that she didn't consider them. No, it doesn't. Because she did choose her words. She decided to say certain things. One of the things I think we can glean from this is that she said, I'm not really going to look back at those other months. I'm going to start from here. No, I disagree. All right, all right. At the outset. This is just something I'm suggesting the record says. Then she says, he wasn't trying to hide. There's no evidence he was trying to evade service. And then she throws in that this is like a comedy of errors, calamities, mistakes, errors, that caused. I'm not sure. Well, she said there were so many errors. And yet the cases clearly say that the plaintiff can rely on the information being provided to them. So they say that. Because the process server erred doesn't mean that the plaintiff can't at least rely on that information. They're not out there doing the service. It's this other person. Counsel, why don't you go ahead and wrap up your final points. Just in response to Justice McBride, I mean, they can rely on the information they're provided. But they still, if they're not being provided, what weren't they provided? The floor number. Who said that he didn't live on that floor number? They could have had that information immediately, walked across the street to the Secretary of State's office, say, give me his driving record. I'll pay you the five bucks. Give me his driving record. And they've got the floor number. And they can make the service then and there. In all fairness to judges. Is that document somewhere in the record? That Secretary of State document that shows the floor number? Yeah, it's in the appendix to the affidavit. Okay. Is it in the record? Yes, that's where I got it from. Yeah. Yeah, the page number in the record is on the bottom of it. It's C-827. And the driver's license is at C-830. All of that information is in the record, and it's in the appendix marker. And they would have had that information, and we wouldn't be here today, and we would have saved Judge Johnson and Judge Saylors and these three client justices a lot of time if they had just walked across the street and gotten that information. I don't think that on this record you can say that Judge Johnson abused her discretion. All right. Thank you, counsel. I respectfully request that the judge review the record. Just very briefly, the only Secretary of State document that's contained in the record dates from 2007 and was obtained in the subpoena to Benadadji's taxi agency. Well, what about these pages that are fade stamped? He's got some sort of a fax. Yes. A-29-2013. It looks like it's a fax. Correct. Those are contained in the record as the response to the subpoenas, that was issued to the taxi agency to provide their employee or personnel file. So is there anything to suggest that these weren't available? The only thing to suggest is that as of 2007, January 16, 2007, Defendant Sahajian reported to the Secretary of State that he lived at Apartment 4H. What happened at any point during the pendency of this case is unknown. And it's unknown because rather than actually offer evidence or testimony or documents showing where he actually was during the pendency of this case, he's relying upon inferences that can be drawn from conflicting statements by, you know, special process server affidavits or presumptions that are established based on historical documents that bear no relevance on surface of process or 103B. What about the argument that the defendant made here that he could have gone to the Secretary of State and found the floor that he lived in? One could have, but instead plaintiffs sent a process server to speak with the building manager. It was no less expedient and probably more expedient than waiting for documents to come from the Secretary of State. I can't actually just walk across the street anymore and pay. Requests have to go through Springfield, but it's beside the point. Well, but the point is, though, that as you said, that in 2007, he tells the Secretary of State that he's in Apartment 4H. But in 2011, the building manager says he doesn't live there anymore. Isn't that the position you're in? If you have the building manager telling you he doesn't live there anymore, why would you go to the Secretary of State to get a document that says he does live there, which is dated four years earlier, right? Isn't that your position? Correct. What the Secretary of State knew as of 2007 has no bearing on anything that occurred in 2007. Is there anything in the record that shows what the Secretary of State knew as of 2011? Nothing is in the record. I would, like counsel, only be offering information that is not contained in the record to be able to address that issue, which I can do. Unless the court has any other questions. To be more accurate, there's another document in the record that is dated January of 2008, which is his resume, which says Apartment 4H. Okay, yes. But nothing, no document originating during the pendency of this case that gave any indication where his actual location was during this. And, you know, to speculate about what could have been done is always easy after the fact. Talk about things that were left undone. But without a showing of what difference that would have made, and to compare that with what Defendant Hadji actually puts forward as being his location, speculation about things left undone, you know, is pointless. Unless the court has other questions for me to address, I'll stand on the briefs and our prior argument and request that the dismissal order of the trial court be vacated, reversed, and the case be remanded for trial. Thank you. Thank you, counsel. The court wishes to thank counsel for their excellent presentations today. It's obviously an interesting case, well-fought and well-briefed, and we'll take it under advisement, and the court is adjourned. Thank you very much.